123 T.C. No. 1

UNITED STATES TAX COURT

KEITH AND CHERIE ORUM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18317-02L.              Filed July 1, 2004.


       Ps filed joint Federal income tax returns for 1998
and 1999 but did not make full payment of the tax
liabilities.  On June 23, 2000, R sent Ps by certified
mail a Notice of Intent to Levy and Notice of Your
Right to a Hearing for 1998.  Ps did not file a sec.
6330, I.R.C., hearing request in response to this
notice.  On Dec. 14, 2001, R sent Ps a Notice of Intent
to Levy and Notice of Your Right to a Hearing for 1998
and 1999.  P sent R a sec. 6330, I.R.C., hearing
request dated Dec. 31, 2001, for 1998 and 1999.
       In February 2002, Ps submitted an offer-in-
compromise.  R rejected the request on the basis of
financial information submitted by Ps.
       R granted Ps an equivalent hearing for 1998 and a
sec. 6330, I.R.C., hearing for 1999.  During the
hearings, R requested additional financial information
from Ps by Aug. 9, 2002, to consider an installment
agreement.  Ps failed to timely provide the additional
information.  R issued a decision letter for 1998 and a

notice of determination for 1999 which concluded that the proposed collection activities would be sustained.

Ps filed a petition to dispute the decision letter and the notice of determination. R filed a motion to dismiss for lack of jurisdiction with respect to 1998.

1. <u>Held</u>: The June 23, 2000, notice of intent to levy was sent to the last known address of Ps.

2. <u>Held</u>, <u>further</u>, R's motion to dismiss for lack of jurisdiction is granted. Ps did not file a sec. 6330, I.R.C., hearing request within 30 days of the June 23, 2000, notice of intent to levy. See sec. 6330(a)(3), I.R.C. The Dec. 14, 2001, notice of intent to levy did not entitle petitioners to a sec. 6330, I.R.C., hearing. Sec. 301.6330-1(b)(2), Q&A-B2, Q&A-B4, Proced. & Admin. Regs. The decision letter subsequently issued does not provide a basis for the Court's jurisdiction under sec. 6330(d)(1), I.R.C. See <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 270 (2001); <u>Kennedy v. Commissioner</u>, 116 T.C. 255, 262 (2001).

3. <u>Held</u>, <u>further</u>, R did not abuse his discretion in issuing the notice of determination for 1999, and the proposed collection action is sustained.


Keith Orum, pro se.

<u>Sean R. Gannon</u>, for respondent.


OPINION


HAINES, <u>Judge</u>: Respondent sent petitioner Keith Orum (Mr. Orum) and petitioner Cherie Orum (Mrs. Orum) a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 (decision letter) for 1998 and a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1999.

The issues for decision are: (1) Whether the Court lacks jurisdiction under section 6330(d)(1)[1] with regard to 1998; and (2) whether there was an abuse of discretion in the determination that the proposed collection action for 1999 should be sustained.

## Background

Some of the facts have been stipulated. The stipulated facts and the attached exhibits are incorporated herein by this reference.

At the time of the filing of the petition, petitioners resided in La Grange Park, Illinois. Mr. Orum has lived at the same address his entire life. Mr. Orum is a patent attorney, and Mrs. Orum is a zookeeper.

Petitioners filed joint Federal income tax returns for 1998 and 1999 on November 29, 1999, and November 20, 2000, respectively, but did not make full payments of the tax liabilities when the returns were filed.

On November 29, 1999, respondent assessed tax liabilities of $63,683 plus additions to tax for 1998. Respondent issued petitioners three notices of demand for payment of the 1998 tax liabilities and additions to tax on November 29, 1999, January 3, 2000, and February 7, 2000.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended. Amounts are rounded to the nearest dollar.

On June 23, 2000, respondent sent petitioners, by certified mail, a Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing, for 1998 (June 23, 2000, notice). The return receipt for the June 23, 2000, notice was signed on June 26, 2000.

On November 20, 2000, respondent assessed tax liabilities of $38,661 plus additions to tax for 1999. Respondent issued two notices of demand for payment of the 1999 tax liabilities and additions to tax on November 20 and December 11, 2000.

On January 5, 2001, petitioners entered into an installment agreement for the payment of the 1998 and 1999 tax liabilities. Petitioners did not make all of the monthly payments as required by the installment agreement schedule. By December 2001, the installment agreement was terminated.

On December 14, 2001, respondent sent petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for 1998 and 1999 (December 14, 2001, notice). The taxes owed with statutory additions, as set forth in the final notice, were $41,435 and $44,345 for 1998 and 1999, respectively.

Mr. Orum sent respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request), for 1998 and 1999, dated December 31, 2001. On the hearing request, petitioners stated: "Desires continuation of payment plan. Will contact IRS agent by phone to discuss. Have been working with

agents in Chicago."  Mr. Orum proposed to Settlement Officer Susan L. Vuicich (Ms. Vuicich) that petitioners be permitted to satisfy the 1998 and 1999 tax liabilities through another installment agreement.

On or about February 7, 2002, petitioners submitted a Form 656, Offer in Compromise, and Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On June 20, 2002, respondent sent Mr. Orum a letter scheduling an equivalent hearing for 1998 and a section 6330 hearing for 1999 by telephone for July 23, 2002, and requesting Mrs. Orum's signature on the hearing request.  The June 20, 2002, letter also stated:

> You are not entitled to a Collection Due Process Hearing for 1998.  According to our records a final notice was sent to you by certified mail for this year on June 22, 2000.[2]  However, you are entitled to an equivalent hearing. I have enclosed Publication 1660, which explains an equivalent hearing.
>
> You marked Form 12153 appealing the filed Notice of Federal Tax Lien.  You are not entitled to a hearing on this issue as our records show no lien has been filed.
>
> You subsequently submitted an offer in compromise under doubt as to collectibility and Effective Tax Administration. I have returned this offer to you under separate cover.  You can resubmit your offer once you are current with filing your tax returns.  However, let me explain why your offer would not be accepted.  It appears that based upon the financial information you provided you have the ability to

---

[2]  We note that the Form 4340, Certificate of Assessments, Payments, And Other Specified Matters, and the ACS LT11 Certified Mail List report that this notice was sent on June 23, 2000.

pay in full over the life of the collection statute, therefore there is no doubt as to collectibility. The explanation you provided for Effective Tax Administration does not meet the economic hardship criteria for consideration of your offer.

Our records show that you have not made any estimated payments for 2001 and 2002. You need to get current with your estimated tax payments for 2002 in order for me to consider any collection alternatives, such as an installment agreement to resolve your tax liabilities.

Please make your estimated tax payments for 2002 prior to the conference, so that we can discuss any alternatives to the proposed levy action.

On July 29, 2002, respondent received a facsimile of the completed hearing request containing the signatures of Mr. Orum and Mrs. Orum.

During the July 23, 2002, hearings, Ms. Vuicich requested from Mr. Orum additional financial information by August 9, 2002, for the Appeals Office to consider Mr. Orum's request for another installment agreement. Such requested information included an income and expense report on a cash basis for Mr. Orum's partnership for 2002, a copy of Mrs. Orum's pay statement, copies of the last 3 months of bank statements, copies of the most recent home equity loan and motorcycle loan, a breakdown of housing and transportation expenses, the amount of current State and local income taxes, the amount of life insurance premium, and the amount of out-of-pocket health care costs.

On July 25, 2002, Ms. Vuicich sent Mr. Orum computer-generated statements of account for 1998 and 1999.

On September 25, 2002, Ms. Vuicich reported in her Case Activity Record that petitioners had failed to provide the requested information.  Ms. Vuicich also reported that Mr. Orum was not current with his estimated tax payments and the financial information she possessed was incomplete and unverified.

On October 17, 2002, respondent sent petitioners a decision letter for 1998.  The decision letter stated in part:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.
>
> *    *    *    *    *    *    *
>
> It has been determined that no relief is to be granted and that the proposed enforcement action (levy) is sustained.  You failed to provide the additional financial information as requested in order for us to consider your request for an installment agreement.

Further, the attachment to the decision letter stated:

> You filed joint income tax returns for 1998 and 1999 with a balance due.  You were sent a final notice of intent to levy by certified mail for 1998 on June 22, 2000.  You entered into an installment agreement for $5,000 per month to pay taxes due for both 1998 and 1999.  Your first payment was due March 5, 2001.
>
> You did not make your monthly payments as required.  A final notice was sent to you by certified mail on December 14, 2001 for 1998 and 1999.  You submitted Form 12153, Request for a Collection Due Process Hearing, which was

received on January 4, 2002.  Your request was not received timely for 1998.  You are entitled to an equivalent hearing only for the proposed levy action for this year. * * *

On October 17, 2002, respondent also sent petitioners a notice of determination for 1999.  The "Summary of Determination" stated:

It has been determine [sic] that no relief is to be granted and that the proposed enforcement action (levy) is sustained.  You failed to provide additional financial information as requested in order for us to consider your request for an installment agreement.

The attachment to the notice of determination stated:

On your Form 12153, you requested the continuation of a payment plan.  You raised no other issues on your written protest.

Subsequent to making your request for a Collection Due Process Hearing, you submitted an Offer in Compromise, Form 656 under doubt as to collectibility effective tax administration.  Your offer was received February 11, 2002. The Settlement Officer assigned to your case returned your offer because you were not in compliance with filing required tax returns.  We had no record of your Form 1065 being filed for 1998 for Orum & Roth.  The offer was returned with a letter dated June 20, 2002 explaining this.

Keith Orum contacted the Settlement Officer on July 17, 2002 to confirm the telephone conference and declined a face-to-face conference.  The Settlement Officer reviewed her letter with Keith explaining the reasons why the offer would not be accepted.  Those reason [sic] are as follows:

- The reason you provided for Effective Tax Administration does not meet the economic hardship criteria.

- Based upon the financial information you provided it appears you have the ability to pay the liabilities in full within the statutory period for collection

- You had not made any estimated tax payments for 2001 and 2002

Keith provided an adequate explanation why a Form 1065 for 1998 was not filed. The only other partner resigned prior to 1998. The partnership dissolved, but Keith continued to use the partnership federal employer's identification number (FEIN) for reporting employment tax returns. * * * Keith said he understood why an offer could not be considered and expressed an interest in an installment agreement.

* * * * * * *

A scheduled telephone conference was held on July 23, 2002 at 10:10 a.m. EST with Keith Orum. The Settlement Officer reviewed the information on Form 433A with him and identified additional information needed in order to determine an appropriate amount for an installment agreement. The additional financial information was to be provided by August 9, 2002.

* * * * * * *

We received an estimated tax payment for 2002 in the amount of $8,500 on September 6, 2002 however; we have not received the additional financial information nor heard from you.

BALANCING EFFICIENT COLLECTION AND INTRUSIVENESS

You have failed to provide by an agreed deadline the additional financial information requested. This information is necessary in order for us to consider an installment agreement. Absent your willingness to provide this information, alternatives to the proposed levy action such as an installment agreement could not be considered. * * *

On November 15, 2002, petitioners sent the Court a Petition

for Lien or Levy Action Under Code Section 6320(c) or 6330(d) to

dispute the decision letter for 1998 and the notice of

determination for 1999. On January 21, 2003, petitioners sent

the Court an amended petition pursuant to a Court order.

On July 30, 2003, respondent filed a motion to dismiss for lack of jurisdiction with respect to 1998. Petitioners filed an objection to respondent's motion.

The Court held a hearing on respondent's motion and trial for this case in Chicago, Illinois, on September 23, 2003, in which Mr. Orum appeared. Mr. Orum stated that he was not disputing the amounts of taxes owed for 1998 and 1999 but wanted to establish another installment agreement to satisfy those obligations.

## Discussion

### I.   Respondent's Motion To Dismiss for Lack of Jurisdiction

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330(a) provides that the Secretary shall notify a person in writing of his or her right to a section 6330 hearing with the Appeals Office regarding the proposed levy. The written notice must be given in person, left at the person's dwelling or

usual place of business, or sent by certified or registered mail to the person's last known address. Sec. 6330(a)(2).

Section 6330(a)(2) provides that the prescribed notice (notice of intent to levy) shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the notice of intent to levy shall explain that the person has the right to request a section 6330 hearing during the 30-day period under section 6330(a)(2).

Where the Appeals Office issues a notice of determination to the taxpayer following a section 6330 hearing regarding a levy action, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with this Court or a Federal District Court, as may be appropriate. Offiler v. Commissioner, 114 T.C. 492, 498 (2000). This Court's jurisdiction under section 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition for review. Sec. 6330(d)(1); Lunsford v. Commissioner, 117 T.C. 159, 164 (2001).

The parties dispute whether a valid determination letter was issued for 1998 to give the Court jurisdiction under section 6330(d)(1). Respondent argues that this Court should dismiss the case as to 1998 upon the grounds that the decision letter does not constitute a determination sufficient to invoke the Court's

jurisdiction pursuant to section 6330(d)(1).  In objecting to respondent's motion, petitioners argue that:  (1) They did not receive the June 23, 2000, notice; and (2) the December 14, 2001, notice offered petitioners a section 6330 hearing for 1998 because it was titled a "Final Notice".

A.  Was the June 23, 2000, Notice Sent to Petitioners' Last Known Address?

As noted above, the notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address.  Secs. 6330(a)(2) and 6331(d)(2); secs. 301.6330-1(a), 301.6331-2(a)(1), Proced. & Admin. Regs.  The regulations under sections 6330 and 6331 reference section 301.6212-2, Proced. & Admin. Regs., to define "last known address".  Secs. 301.6330-1(a), 301.6331-2(a)(1), Proced. & Admin. Regs.  Under section 6212, in general, the Commissioner is entitled to treat the address on a taxpayer's most recent tax return as the taxpayer's last known address, unless the taxpayer has given "clear and concise notification of a different address."  Kennedy v. Commissioner, 116 T.C. 255, 260 n.4 (2001); Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); sec. 301.6212-2(a), Proced. & Admin. Regs.

Although respondent did not enter the June 23, 2000, notice into the record, as proof of its mailing respondent provided petitioners' Form 4340, Certificate of Assessments, Payments, and

Other Specified Matters, for 1998, which reported that the notice of intent to levy was issued on June 23, 2000, and a return receipt was signed on June 26, 2000.  That certificate is "generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made."  Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992); see Schroeder v. Commissioner, T.C. Memo. 2002-190; Kaeckell v. Commissioner, T.C. Memo. 2002-114.  Further, respondent provided an ACS LT11 Certified Mail List for 1998 which reported that a Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to petitioners by certified mail at "LaGrange Park, IL 60526-134603" on June 23, 2000.  See Weber v. Commissioner, 122 T.C. 258, 259 n.3 (2004).

We also note that the parties stipulated that petitioners filed a tax return for 1998 before the June 23, 2000, notice was issued, and Mr. Orum reported on his offer-in-compromise application that he had been "current" with his tax liabilities from 1981 until 1998.  Mr. Orum stated on his Form 433-A that he has lived at the same address his entire life.  On the basis of the record and the Commissioner's practice of using the address of a taxpayer's most recently filed tax return as the last known address, we find that the address used for the June 23, 2000, notice was petitioners' last known address.

The only evidence that petitioners presented is testimony from Mr. Orum that he and Mrs. Orum did not receive the June 23, 2000, notice.[3] That testimony is inconsistent with the evidence on the record. After observing Mr. Orum's demeanor at trial, the Court found his testimony, on this point, not credible. Mr. Orum pointed to petitioners' address listed on Ms. Vuicich's Case Activity Report which incorrectly listed petitioners' ZIP Code. We note that: (1) the Case Activity Report was created after the June 23, 2000, notice was sent to petitioners; and (2) respondent's official certified mailing list that reported the mailing of the June 23, 2000, notice listed the correct ZIP Code. Therefore, we do not accept Mr. Orum's testimony on this point and find that the June 23, 2000, notice was sent to petitioners' last known address.

B. <u>Does the Court Lack Jurisdiction Over 1998?</u>

Petitioners argue that the December 14, 2001, notice offered them a section 6330 hearing for 1998 because it was titled a "Final Notice" and the Commissioner can send only one notice of intent to levy under section 6330(a)(1). We disagree.

Section 6330(a)(1) provides, in relevant part, that the notice before levy "shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates." Petitioners misinterpret this sentence. We interpret

---

[3] Mrs. Orum did not appear at trial.

this sentence to mean that the Commissioner need send only one notice of intent to levy for a taxable period. The Commissioner may issue more than one notice of intent to levy to a taxpayer. See sec. 301.6330-1(b)(2), Q&A-B2, Q&A-B4, Proced. & Admin. Regs. Although more than one notice may be issued, the taxpayer is still entitled to only one hearing for the relevant tax period. Sec. 6330(b)(2); sec. 301.6330-1(b)(1), Proced. & Admin. Regs.

This interpretation is buttressed by the regulations under section 6330, which provide:

> Q-B2. Is the taxpayer entitled to a CDP hearing when the IRS, more than 30 days after issuance of a CDP Notice under section 6330 with respect to the unpaid tax and periods, provides subsequent notice to that taxpayer that the IRS intends to levy on property or rights to property of the taxpayer for the same tax and tax periods shown on the CDP Notice?
>
> A-B2. No. Under section 6330, only the first pre-levy or post-levy CDP Notice with respect to the unpaid tax and tax periods entitles the taxpayer to request a CDP hearing. If the taxpayer does not timely request a CDP hearing with Appeals following that first notification, the taxpayer foregoes the right to a CDP hearing with Appeals and judicial review of Appeals' determination with respect to levies relating to that tax and tax period. The IRS generally provides additional notices or reminders (reminder notifications) to the taxpayer of its intent to levy when no collection action has occurred within 180 days of a proposed levy. Under such circumstances, a taxpayer may request an equivalent hearing as described in paragraph (i) of this section.
>
>       \*    \*    \*    \*    \*    \*    \*
>
> Q-B4. If the IRS sends a second CDP Notice under section 6330 (other than a substitute CDP Notice) for a tax period and with respect to an unpaid tax for which a CDP Notice under section 6330 was previously sent, is the

taxpayer entitled to a section 6330 CDP hearing based on the second CDP Notice?

A-B4. No. The taxpayer is entitled to only one CDP hearing under section 6330 with respect to the tax and tax period. The taxpayer must request the CDP hearing within 30 days of the date of the first CDP Notice for that tax and tax period.

Sec. 301.6330-1(b)(2), Q&A-B2, Q&A-B4, Proced. & Admin. Regs.

On June 23, 2000, respondent sent petitioners a notice of intent to levy for 1998 at their last known address. Petitioners did not send a hearing request until December 31, 2001, which is beyond the 30-day filing period required by section 6330(a)(3). Section 6330 does not authorize the Commissioner to waive the time restrictions imposed therein. Kennedy v. Commissioner, 116 T.C. at 262. The fact that respondent, after the termination of the intervening installment agreement, sent petitioners a second notice of intent to levy on December 14, 2001, did not entitle petitioners to a hearing as contemplated under section 6330(b). See sec. 301.6330-1(b)(2), Q&A-B2, Proced. & Admin. Regs.

Under the circumstances, respondent was not obliged to conduct a section 6330 hearing as contemplated under section 6330(b). See sec. 301.6330-1(i)(1), Proced. & Admin. Regs. In place of the section 6330 hearing, the Appeals Office granted petitioners an equivalent hearing for 1998. Id. Thereafter, the Appeals Office issued a decision letter to petitioners stating that the proposed collection action was sustained. Id. The

decision letter does not constitute a notice of determination under section 6330(d)(1) which would provide a basis for petitioners to invoke the Court's jurisdiction for 1998.  See Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); Kennedy v. Commissioner, supra at 263.

This case is distinguishable from Craig v. Commissioner, 119 T.C. 252 (2002), in which we held that we had jurisdiction under section 6330(d)(1) when the Appeals Office issued a decision letter to the taxpayer.  Id. at 259.  In Craig, the Commissioner mailed to the taxpayer a notice of intent to levy on February 22, 2001.  Id. at 254.  On March 17, 2001, the taxpayer timely requested a section 6330 hearing by mailing the Commissioner a letter accompanied by unsigned Forms 12153.  Id. at 255.  On May 6, 2001, the Commissioner received signed Forms 12153 but granted the taxpayer only an equivalent hearing.  Id. at 255-256.  A decision letter was then issued to the taxpayer following the equivalent hearing.  Id. at 256.  The Court held that "where Appeals issued the decision letter to petitioner in response to his timely request for a Hearing, we conclude that the 'decision' reflected in the decision letter issued to petitioner is a 'determination' for purposes of section 6330(d)(1)."  Id. at 259. In the instant case, petitioners did not timely request a section 6330 hearing in response to the June 23, 2000, notice.  As a

result, we do not conclude that the decision in the decision letter is a determination for purposes of section 6330(d)(1).

We will grant respondent's motion to dismiss for lack of jurisdiction as to 1998 because the petition was not filed in response to a notice of determination sufficient to confer jurisdiction on the Court under section 6330(d)(1).

II.  Respondent's Determination for 1999

Petitioners argue that respondent abused his discretion in the determination to sustain the proposed collection action for 1999 because respondent refused to process petitioners' offer-in-compromise and rejected petitioners' request for an installment agreement.

As discussed above, before a levy may be made on any property or right to property, a taxpayer is entitled to notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the Appeals Office.  Secs. 6330(a) and (b) and 6331(d).  If the taxpayer requests a section 6330 hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  Sec. 6330(c)(2)(A).  A determination is then made which takes into consideration those issues, the

verification that the requirements of applicable law and administrative procedures have been met, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

Petitioners raise issues only as to collection alternatives, in that they dispute respondent's rejection of another installment agreement and rejection of an offer-in-compromise. We review the determination for an abuse of discretion because the underlying tax liability is not at issue. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).

Respondent's rejection of another installment agreement for petitioners was not an abuse of discretion. Installment agreements are based upon the taxpayer's current financial condition. See 2 Administration, Internal Revenue Manual (CCH), sec. 5.19.1.5.4.1, at 18,299-65. Respondent's determination was based on information petitioners provided to Ms. Vuicich. See Schulman v. Commissioner, T.C. Memo. 2002-129. At the section 6330 hearing, Ms. Vuicich requested from Mr. Orum additional financial information by August 9, 2002, for the Appeals Office to consider Mr. Orum's request for another installment agreement. Petitioners failed to timely respond to Ms. Vuicich's request.

As discussed with Mr. Orum at the section 6330 hearing, Ms. Vuicich found the information provided on petitioners' Form 433A to be incomplete and unverified.  We find that the Appeals officer could have reasonably rejected an installment agreement proposal by petitioners on the basis of petitioners' failure to make the required monthly payments on the initial January 5, 2001, installment agreement that was terminated, and petitioners' failure to timely provide the requested information to Ms. Vuicich in order for her to consider another installment agreement.

Additionally, respondent's determination not to enter into an offer-in-compromise agreement with petitioners was not an abuse of discretion.  Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws.  The regulations set forth three grounds for the compromise of a liability:  (1) Doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration. Sec. 301.7122-1T(b), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39024 (July 21, 1999);[4] see sec. 7122(c)(1).  Doubt as to liability is not at issue in the instant case.

The Secretary may compromise a liability on the ground of doubt as to collectibility when "the taxpayer's assets and income

_____

[4] Final regulations under sec. 7122 were promulgated effective for offers-in-compromise pending on or submitted on or after July 18, 2002.  Sec. 301.7122-1(k), Proced. & Admin. Regs.

are less than the full amount of the assessed liability." Sec.
301.7122-1T(b)(3)(i), Temporary Proced. & Admin. Regs., supra.
Additionally, the Secretary may compromise a liability on the
ground of "effective tax administration" when: (1) Collection of
the full liability will create economic hardship; or (2)
exceptional circumstances exist such that collection of the full
liability will be detrimental to voluntary compliance by
taxpayers; and (3) compromise of the liability will not undermine
compliance by taxpayers with tax laws. Sec. 301.7122-1T(b)(4),
Temporary Proced. & Admin. Regs., supra; see 2 Administration,
Internal Revenue Service (CCH), sec. 5.8.11.2, at 16,385-15
(taxpayer's liability may be eligible for compromise to promote
effective tax administration if not eligible for compromise based
on doubt as to liability or doubt as to collectibility, and
taxpayer has exceptional circumstances to merit the offer).

Ms. Vuicich reviewed petitioners' submitted financial
information and determined that an offer-in-compromise was not
appropriate on the basis of doubt as to collectibility and
promotion of effective tax administration. Ms. Vuicich
communicated her determination to Mr. Orum in the June 20, 2002,
letter. In a later telephone conversation, Mr. Orum told Ms.
Vuicich that he understood why an offer-in-compromise could not
be considered. We received as an exhibit the financial
information before Ms. Vuicich and find that she could have

reasonably concluded that there are sufficient income and assets to satisfy the tax liability. On the basis of respondent's consideration of petitioners' information, we conclude that respondent's refusal to enter into an offer-in-compromise was not an abuse of discretion. See <u>Crisan v. Commissioner</u>, T.C. Memo. 2003-318 (held the Commissioner's refusal to enter into an offer-in-compromise was not an abuse of discretion on the basis of a review of the financial information submitted to the Appeals officer).

As a result, we hold that the determination to proceed with collection for 1999 was not an abuse of respondent's discretion, and the proposed collection action is sustained.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.