T.C. Summary Opinion 2006-160

UNITED STATES TAX COURT

LAURA J. AND ROBERT L. EVANS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16200-05S.          Filed October 3, 2006.

Laura J. and Robert L. Evans, pro se.

Clare J. Brooks, for respondent.

POWELL, Special Trial Judge:  This case is before the Court
on respondent's motion to dismiss for lack of jurisdiction.  The
petition was filed pursuant to the provisions of section 7463 of
the Internal Revenue Code in effect at the time the petition was
filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

_____

[1]    Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code, as amended.

On March 4, 2004, respondent determined deficiencies in petitioners' 2000 and 2001 Federal income taxes. Petitioners filed a petition on August 29, 2005, and an amended petition on October 14, 2005, for the 2000 and 2001 taxable years.

The sole issue is whether the petition was filed within the time prescribed by sections 6213(a) and 7205. Petitioners resided in Pasadena, Maryland, at the time the petitions were filed. For convenience, we combine our analysis of the law and findings of fact.

Under section 6212(a), if the Commissioner determines that there is a deficiency with respect to a tax, he is authorized to send notice of such deficiency to the taxpayer. The "notice of deficiency in respect of * * * [income taxes] if mailed to the taxpayer at his last known address, shall be sufficient". Sec. 6212(b)(1). Under section 6212, in general, the Commissioner is entitled to treat the address on a taxpayer's most recent tax return as the last known address, unless the taxpayer has given "'clear and concise notification of a different address.'" Orum v. Commissioner, 123 T.C. 1, 8 (2004) (citing Kennedy v. Commissioner, 116 T.C. 255, 260 n.4 (2001)), affd. 412 F.3d 819 (7th Cir. 2005). Relevant here, section 6213(a) provides that a taxpayer may file a petition within 90 days after the notice of deficiency is mailed. The 90-day period is jurisdictional, and, if a petition is not timely filed, the deficiency "shall be

assessed, and shall be paid upon notice and demand". Sec. 6213(c). The petition here was filed on August 29, 2005, more than a year after the notice of deficiency was mailed.

The notice of deficiency was mailed to petitioners at 1113 Pemberton Lane, Lothian, Maryland, on March 4, 2004. This is the same address petitioners used when they filed their 2002 and 2003 tax returns. Furthermore, petitioners acknowledge that they "never changed that address" prior to the mailing of the notice of deficiency. For personal reasons, however, petitioners actually resided at another address. It may be that there was correspondence from the other address to the Internal Revenue Service during the examination of the tax returns, but such correspondence was not "clear and concise notification of a different address". Orum v. Commissioner, supra at 8. The statutory notice was mailed to petitioners' last known address under section 6212(b). The petition was not timely filed and must be dismissed for lack of jurisdiction.

Reviewed and adopted as the report of the Small Tax Case Division.

An order of dismissal for lack of jurisdiction will be entered.