T.C. Memo. 2008-132

UNITED STATES TAX COURT

STANLEY SHELDON KRADMAN AND LAURA SARAH KRADMAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3909-07L.                    Filed May 15, 2008.

Stanley Sheldon Kradman and Laura Sarah Kradman, pro se.

Derek P. Richman, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with respect to petitioners' income tax liability for 2003 and 2004 and a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or Section 6330 of the Internal

Revenue Code (decision letter) for petitioners' income tax liabilities for 1994 through 2002. The issues for decision are:

(1) Whether the decision letter should be treated as a notice of determination entitling petitioners to judicial review;

(2) whether sustaining the filing of a Federal tax lien was an abuse of discretion; and

(3) whether penalties and/or interest on petitioners' outstanding liabilities should be abated.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

## Background

Petitioners resided in Florida at the time that they filed their petition.

After this case was set for trial, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the taxable years 1994 through 2002 (motion to dismiss). In the motion to dismiss respondent contended that petitioners did not timely request a hearing under section 6320 and that, therefore, they were properly issued a decision letter rather than a notice of determination with regard to their tax years 1994 through 2002. However, in a supplement to respondent's motion to dismiss, respondent contended that petitioners had made but withdrawn a timely request for a hearing with respect to those years. A second request for the same years was not timely.

Thus, according to respondent, petitioners were entitled only to an equivalent hearing resulting in the issuance of a decision letter with respect to those years. Because the decision letter is not a "determination" under section 6330, respondent argues, the Court does not have jurisdiction and petitioners are not entitled to judicial review under section 6320 or section 6330 with respect to 1994 through 2002. See Kennedy v. Commissioner, 116 T.C. 255 (2001).

Respondent also filed a motion for partial summary judgment with respect to 2003 and 2004. The motion to dismiss and the motion for partial summary judgment were set for hearing at the time previously set for trial. Petitioner Stanley Sheldon Kradman (petitioner) testified, as did the hearing officer. Petitioner testified, among other things, that he had made a timely request for a hearing for all years in dispute, that he was later told by IRS personnel that, unless he withdrew that request, he could not settle his liabilities or pursue an offer-in-compromise (OIC); and that he either misunderstood or was misled about the effect of withdrawing his request. Respondent's counsel acknowledged that respondent was unable to find the purported withdrawal or any information regarding the circumstances under which it occurred. In any event, a hearing with respect to all years, 1994 through 2004, occurred at the same time, involved the same issues, and requires the same

analysis from the Court. Because petitioner made a timely request for a hearing and there is no reliable evidence of an effective withdrawal, the motion to dismiss will be denied. See Craig v. Commissioner, 119 T.C. 252, 259 (2002). Because the motion for partial summary judgment presumed that the motion to dismiss would be granted, and because testimony was taken as at trial, the motion for partial summary judgment will be denied and the case decided on the evidence presented at trial.

The facts are essentially undisputed, though not stipulated. Since 2003, petitioners have been attempting to resolve their long-outstanding tax liabilities through OICs. The OICs were rejected on the ground that petitioners were not in compliance with then-current tax obligations. As a condition of processing one of the later OICs, petitioners were requested to submit a $150 fee. Petitioner asserted that they could not pay the fee.

On February 1, 2005, the Internal Revenue Service (IRS) sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 for tax years 1994 through 2003. On February 28, 2005, petitioners requested a hearing. On February 16, 2006, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 was sent to petitioners with respect to tax years 2003 and 2004. On March 19, 2006, petitioners

requested a hearing.  A hearing was conducted by an Appeals Settlement Officer (hearing officer) on October 16, 2006, and the notices underlying this case were sent on January 18, 2007.

At the time of the hearing conducted under section 6330, the hearing officer explained that collection alternatives could not be considered unless petitioners brought themselves into compliance with then-current obligations.  The hearing officer determined that petitioners were not in compliance with estimated tax requirements for 2006 and had not filed their 2005 return. Nonetheless, the hearing officer received and reviewed financial data petitioners provided.  He advised petitioners that collection alternatives could be considered, such as an installment agreement for payments of approximately $1,700 per month, if petitioners became compliant.  Petitioners declined to pursue an installment agreement.

### Discussion

Petitioners have invoked our jurisdiction under section 6330(d) to review the determination of the hearing officer to sustain the notice of filing a Federal tax lien.  They have not challenged the amount of the underlying liability, although at trial petitioner asserted that their inability to pay the outstanding balances results from delays by the IRS that increased the amount of penalties and interest.  Because the matter of abatement of the penalties and interest was not raised

before the Office of Appeals, we cannot consider it now.  See Giamelli v. Commissioner, 129 T.C. 107, 113-114 (2007).  Because the underlying liability is not properly at issue, we review the determination only for abuse of discretion, which requires us to decide whether the determination was arbitrary, capricious, or without sound basis in fact or law.  See id. at 111.  Reliance on a failure to pay current taxes in rejecting a collection alternative does not constitute an abuse of discretion.  Id. at 111-112 (citing Orum v. Commissioner, 123 T.C. 1, 4, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005)).

Petitioners complain that misstatements were made as to whether they had timely requested a hearing with respect to their 1994 through 2002 liabilities and that those misstatements and other delays by the IRS increased penalties and interest beyond petitioners' ability to pay.  Petitioners' tax history and the testimony at trial suggest that the outstanding amounts would not have been paid any earlier if the confusion about the timeliness of their request for hearing had not occurred.  The essence of their complaint is that their liabilities should have been compromised in spite of their failure to maintain current compliance.

Petitioners have presented no persuasive evidence or argument that an abuse of discretion occurred here.  Petitioners have not shown that there was an error in determining that they

were not compliant with their current tax obligations, and they did not offer or agree to any collection alternatives.

We conclude that it was not an abuse of discretion to sustain the filing of a lien.

<u>An appropriate order and decision will be entered</u>.