T.C. Summary Opinion 2009-11

UNITED STATES TAX COURT

JOHN M. AND PATRICIA M. LANE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15949-07S.                    Filed January 13, 2009.

John M. and Patricia M. Lane, pro sese.

<u>Gordon P. Sanz</u>, for respondent.


VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

case. This case is before the Court, pursuant to Rule 53, on respondent's motion to dismiss on the ground of mootness (respondent's motion).

## Background

On August 15, 2005, respondent mailed petitioners a Notice of Intent to Levy and Your Right to a Hearing Under IRC 6330 regarding their income tax liability for 2002 (levy notice). On August 18, 2005, the levy notice was delivered to petitioners. Petitioners submitted to respondent an untimely Form 12153, Request for a Collection Due Process Hearing, regarding the levy notice. Respondent gave petitioners an equivalent hearing regarding the levy, and respondent issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter) to petitioners sustaining the levy for 2002.

On November 8, 2006, respondent mailed petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding their income tax liability for 2002. On November 18, 2006, petitioners timely submitted their hearing request regarding the notice of Federal tax lien (NFTL). Respondent held a section 6330 hearing regarding the NFTL. Respondent's Office of Appeals (Appeals) issued petitioners a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) determining that all legal and

procedural requirements were followed prior to filing the NFTL regarding 2002, and that the filing of the NFTL was appropriate.

Petitioners have paid the 2002 tax liability in full, including all penalties and interest. On February 26, 2007, respondent released the lien.

Petitioners timely filed their petition. At the time the petition was filed, petitioners resided in Texas.

### Discussion

Section 6320(a)(1) provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320(a) and (b) further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. Sec. 6330(a) and (b).

Like the taxpayers in Orum v. Commissioner, 123 T.C. 1, 11 (2004), affd. 412 F.3d 819 (7th Cir. 2005), petitioners did not

timely request a collection hearing in response to the levy notice. Under the circumstances, respondent was not obliged to conduct a collection hearing pursuant to section 6330. See Orum v. Commissioner, supra at 11. As a result, we conclude that the decision in the decision letter is not a determination for purposes of section 6330(d)(1). See Orum v. Commissioner, supra at 12; cf. Craig v. Commissioner, 119 T.C. 252, 259 (2002) (holding that a decision letter contained a "determination" such that the taxpayer could invoke the Court's jurisdiction because the taxpayer timely requested a section 6330 hearing).

In place of a section 6330 hearing regarding the levy for 2002, Appeals granted petitioners an equivalent hearing. Thereafter, Appeals issued a decision letter to petitioners stating that the proposed collection action was sustained. The decision letter does not constitute a notice of determination under section 6330(d)(1) that would provide a basis for petitioners to invoke the Court's jurisdiction with respect to the levy notice. See Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 263 (2001).

Petitioners timely requested a hearing regarding the NFTL, respondent held a section 6330 hearing regarding the NFTL, and Appeals issued petitioners a notice of determination determining that the filing of the NFTL was appropriate. However, petitioners paid the 2002 tax liability in full (including all

penalties and interest), and on February 26, 2007, respondent released the lien.  Accordingly, this issue is moot.  See <u>Greene-Thapedi v. Commissioner</u>, 126 T.C. 1, 7 (2006).

In conclusion, we shall grant respondent's motion.  To reflect the foregoing,

<u>An appropriate order of dismissal will be entered</u>.