T.C. Memo. 2010-56

UNITED STATES TAX COURT

KENNY A. PEARCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19796-07L.                    Filed March 23, 2010.

Kenny A. Pearce, pro se.

<u>William F. Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioner seeks judicial review of respondent's determination to proceed with a proposed levy to collect petitioner's unpaid Federal income tax liability for 2000.[1]  The issues for decision are:

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

(1) Whether respondent is prohibited from making the proposed levy under section 6331(k)(2) because of a pending offer by petitioner for an installment agreement; and (2) whether respondent abused his discretion in rejecting an installment agreement that petitioner offered during the collection due process hearing (CDP hearing).

FINDINGS OF FACT

On November 18, 2005, petitioner's representative submitted Form 9465, Installment Agreement Request, offering an installment agreement to pay $1,500 per month toward petitioner's Federal income tax liabilities for 1996 and 1998 through 2004. By letter dated March 21, 2006, respondent's revenue officer informed petitioner's representative that the installment agreement offer had been denied and that he had 30 days to appeal the denial by scheduling a conference with the revenue officer's group manager (the manager). The letter also stated that additional information was needed "to continue in the financial review".

In a letter dated April 18, 2006, petitioner's representative requested an appeal through respondent's Collection Appeals Program (CAP). On April 20, 2006, the revenue officer spoke with petitioner's representative, advised him that he needed to schedule a conference with the manager, and advised him that respondent would provide information concerning the amounts and conditions of an acceptable installment agreement

only if petitioner provided sufficient information to make such a determination.

On April 24, 2006, the manager spoke with petitioner's representative, who indicated that he wanted more time to discuss an acceptable installment agreement amount with the revenue officer. By letter dated April 24, 2006, petitioner's representative withdrew the CAP request, stating that he would first meet with the revenue officer and would then renew his CAP request if they could not reach agreement.

On May 8, 2006, petitioner's representative spoke with the revenue officer to learn what she might consider to be an acceptable amount for an installment agreement. The revenue officer indicated that she was still reviewing petitioner's bank statements and other financial information and could not yet provide an acceptable amount. By letter dated June 7, 2006, petitioner's representative provided the revenue officer with some additional bank statements and indicated a desire to "move forward with the CAP process and/or conclude an Installment Agreement."

On April 4, 2007, respondent sent petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to his 2000 Federal income tax liability. In response, on April 24, 2007, petitioner's representative submitted Form 12153, Request for a Collection Due

Process or Equivalent Hearing, indicating that petitioner intended to make an installment agreement offer and that he disagreed with the proposed levy because "A prior Installment Agreement is still pending."

On July 11, 2007, respondent's settlement officer held a CDP hearing with petitioner's representative. The settlement officer concluded that petitioner's previous installment agreement offer was no longer pending after April 24, 2006, when petitioner's representative withdrew the CAP request. The settlement officer stated that he could consider collection alternatives only if petitioner were in compliance with filing requirements and the financial information supported a proposal. The settlement officer stated that he would consider giving petitioner time to file his delinquent 1997 Form 1040, U.S. Individual Income Tax Return, if they could reach a resolution on a collection alternative. Petitioner's representative indicated that petitioner still wanted an installment agreement and thought that $3,000 per month might be an appropriate amount. The parties agreed, however, that the financial information then available was insufficient to determine petitioner's ability to pay. Accordingly, the settlement officer was unable to recommend an installment agreement of $3,000 per month. Petitioner's representative had no other proposal.

On August 6, 2007, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), with respect to petitioner's 2000 tax year, sustaining the proposed levy. In the notice of determination respondent determined that no installment agreement offer was pending when the notice of intent to levy was issued and that an installment agreement was not appropriate because petitioner had failed to provide documentation needed to determine his ability to pay and had failed to file his 1997 Form 1040. Petitioner, residing in Arkansas, petitioned this Court for review.

OPINION

A. Collection Procedures

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before making a levy on the person's property. At the hearing the person may raise any relevant issue relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). Once the Commissioner's Appeals Office issues a notice of determination, the person may seek judicial review in this Court. Sec. 6330(d)(1).

Because petitioner has not challenged his underlying tax liability, our review is for abuse of discretion. Sego v.

Commissioner, 114 T.C. 604, 610 (2000). Under this standard of review, the question is whether respondent's determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

In his petition, petitioner assigns as error: (1) That the notice of intent to levy was improper because petitioner had made an offer for an installment agreement that was still pending when respondent issued the notice; and (2) respondent improperly denied petitioner's request for an installment agreement in the CDP hearing.

B.   Pendency of Installment Agreement Offer

The Internal Revenue Service (IRS) generally may not levy on the property of a person who has pending an offer for an installment agreement with respect to the unpaid tax. Sec. 6331(k)(2)(A). "A proposed installment agreement becomes pending when it is accepted for processing." Sec. 301.6331-4(a)(2), Proced. & Admin. Regs. "The proposed installment agreement remains pending until the IRS accepts the proposal, the IRS notifies the taxpayer that the proposal has been rejected, or the proposal is withdrawn by the taxpayer." Id. If the IRS rejects the offer, the prohibition against levy continues for another 30 days unless the person files an appeal with respondent's Office of Appeals, in which case the prohibition continues during the

pendency of the appeal. Sec. 6331(k)(2)(B); sec. 301.6331-4(a)(1), Proced. & Admin. Regs. If the IRS rejects a proposed installment agreement and within 30 days the taxpayer makes a good-faith revision of it, the prohibition on levy applies while the revised proposal is pending. Sec. 301.6331-4(a)(3), Proced. & Admin. Regs.

On November 18, 2005, petitioner, through his representative, made an offer for an installment agreement to pay his outstanding tax liabilities, including his 2000 tax liability. By letter dated March 21, 2006, the revenue officer formally informed petitioner's representative that the offer had been rejected. Petitioner nevertheless alleges that an installment agreement offer was pending as of April 4, 2007, the date the notice of intent to levy was issued with respect to his 2000 liability.[2]

Petitioner has not filed a brief and has otherwise done little to help the Court understand his position. As best we understand it, petitioner believes that on April 24, 2006, the

---

[2]As a threshold matter, it might be questioned whether sec. 6331(k)(2) bars the IRS from issuing a notice of intent to levy, as opposed to actually making a levy, during the pendency of an installment agreement offer. Petitioner's contentions assume that it does, and respondent has not expressly argued otherwise. Because we conclude that there was no installment agreement offer pending either when respondent issued the notice of intent to levy or when he made his final determination to proceed with the proposed levy, we need not and do not give this issue further consideration.

IRS effectively rescinded its March 21, 2006, denial of petitioner's installment agreement offer by acknowledging that petitioner's November 18, 2005, offer remained pending. The record does not support this position. The record indicates that by letter dated April 24, 2006, petitioner's representative withdrew his request for a CAP appeal, indicating that he wished to meet with the revenue officer, ostensibly to discuss with her what might be an acceptable installment agreement amount. In fact, petitioner's representative and the revenue officer had further communications but were unable to reach agreement on an installment agreement. Insofar as the record reveals, these discussions did not result either in petitioner's making a good-faith revision of his November 18, 2005, offer or in the revenue officer's making an offer that might be considered to have been pending when either the notice of intent to levy or the notice of determination was issued.

We further conclude that no appeal of the rejected installment agreement offer was pending when respondent issued either the notice of intent to levy or the notice of determination. In her March 21, 2006, letter rejecting petitioner's installment offer, the revenue officer advised petitioner that he had 30 days to appeal by scheduling a conference with her manager. Although petitioner's representative requested an appeal in his April 18, 2006, letter,

he withdrew the request in his April 24, 2006, letter. Insofar as the record reveals, he never filed a new request for an appeal, much less within the 30-day deadline set forth in the revenue officer's March 21, 2006, letter.

Petitioner's representative informally made a new offer for an installment agreement during the CDP hearing. As discussed below, however, the settlement officer properly rejected it before issuing the notice of determination.

In sum, we conclude that there was no offer for an installment agreement pending when respondent issued the notice of intent to levy or the notice of determination.

C. <u>Installment Agreement Offer Proposed During CDP Hearing</u>

During the CDP hearing on July 11, 2007, petitioner's representative proposed a new installment agreement. The settlement officer rejected it partly because petitioner failed to provide documentation necessary to determine his ability to pay. Although petitioner asserts in his petition that he cooperated with the IRS in "every material respect", the record does not support this assertion. We conclude that the settlement officer did not abuse his discretion in rejecting the proposed

installment agreement.[3]  See <u>Orum v. Commissioner</u>, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3]As an additional ground for rejecting the proposed installment agreement, the notice of determination cites petitioner's failure to file his 1997 Federal income tax return. Petitioner attacks this determination on various grounds, none of which we find to be well founded.  In any event, because we sustain respondent's determination on other grounds, it is unnecessary to address this issue further.