T.C. Memo. 2011-13

UNITED STATES TAX COURT

MARK A. AND DINA S. ZELDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17369-09L.                    Filed January 18, 2011.

<u>William A. Neilson</u> and <u>Douglas L. Salzer</u>, for petitioners.

<u>John K. Parchman</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Under section 6320, petitioners challenge
respondent's notice of determination rejecting petitioners'
proposed collection alternative of an installment agreement
relating to petitioners' approximate total of $350,000 in
outstanding Federal income tax liabilities for 2000 through 2006.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

This case was submitted under Rule 122. The stipulated facts are so found. At the time of filing the petition, petitioners resided in Louisiana.

With the exception of petitioners' 2000 and 2006 tax returns, petitioners were late in filing their Federal income tax returns for the years in issue. With the filing of their tax returns, petitioners failed to pay the taxes reported due thereon.

After making assessments, on December 11, 2007, respondent filed a notice of Federal tax lien (NFTL) relating to the above self-reported Federal income taxes. Respondent mailed petitioners a copy of the NFTL and an explanation of petitioners' right to a collection Appeals Office hearing under section 6320.

On January 10, 2008, petitioners filed with respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, relating to the NFTL. Specifically, petitioners proposed a collection alternative of an installment agreement.

On July 16, 2008, petitioners made an estimated Federal income tax payment for the second quarter of 2008 (ending June 30, 2008).

On July 23, 2008, respondent mailed petitioners a letter scheduling a face-to-face collection due process (CDP) hearing with petitioners' counsel for August 27, 2008, relating to the above NFTL. In this letter respondent's Appeals officer (AO) requested that petitioners, by August 12, 2008, submit, among other things, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, a copy of petitioners' 2007 Federal income tax return, and a statement of how the proposed installment agreement would be funded.

On August 14, 2008, petitioners provided respondent's AO with a copy of their 2007 Federal income tax return.

On August 26, 2008, petitioners provided respondent's AO with a completed Form 433-A that included a proposal that petitioners would pay their total outstanding tax liability in installments over 5 years.

On March 5, 2009, petitioners made late estimated Federal income tax payments for the periods ending September 30 and December 31, 2008. The estimated tax payments for these quarterly periods were due on October 15, 2008, and January 15, 2009, respectively.

On June 24, 2009, respondent's AO made a determination under section 6320 and mailed to petitioners a notice thereof rejecting petitioners' proposed collection alternative. In this notice respondent's AO indicated that, among other reasons, because

petitioners failed to pay timely their estimated Federal income tax payments for the third and fourth quarters of 2008, respondent's NFTL was sustained.

## Discussion

Petitioners do not contest the amounts of their 2000 through 2006 Federal income taxes. Where the validity of the underlying tax liability is not properly at issue, under section 6320 the Court will review the administrative determination of the AO only for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion exists where the AO's determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

Petitioners argue that respondent abused his discretion by failing to adequately consider petitioners' proposed collection alternative. Petitioners assert that by the time respondent issued his notice of determination, they had demonstrated full compliance with all tax filing and payment requirements and, accordingly, that respondent's rejection of their proposed installment agreement was without sound basis in fact. We disagree.

Petitioners' history of noncompliance with their Federal income tax obligations, the late filing of their Federal income tax returns for years 2001 through 2005, and the late remittance

of their estimated tax payments for the periods ending September 30 and December 31, 2008, among other things, establish a pattern of noncompliance with their Federal income tax obligations.  See <u>Orum v. Commissioner</u>, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005); <u>Londono v. Commissioner</u>, T.C. Memo. 2003-99.

Respondent's determination properly verified that all requirements of applicable law and administrative procedure have been met, that respondent's AO considered the issues petitioners raised in their CDP hearing, and that respondent's AO balanced the need for efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).

We sustain respondent's determination to reject petitioners' proposed collection alternative of an installment agreement.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.