T.C. Memo. 2012-203

UNITED STATES TAX COURT

MISS LARAS DOMINION INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28745-10L.                    Filed July 18, 2012.

<u>Stanley Dale Blyth</u>, for petitioner.

<u>Paul Richard Zamolo</u> and <u>Tiffany Wu</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This collection review matter is before the Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330[1] (determination notice).  The sole issue for decision is

---

[1]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

whether respondent's determination to proceed with the proposed collection action was an abuse of discretion. We hold it was not.

Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner is a corporation, and its principal place of business was in Oakland, California, when it filed the petition.

Respondent sent petitioner a Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, concerning its employment tax liabilities for the tax periods ending September 30, 2005, October 31 and December 31, 2007 and December 31, 2008 (tax periods at issue). Petitioner timely requested a collection due process hearing (hearing), seeking an installment agreement or an offer-in-compromise as a collection alternative.

Settlement Officer Deborah Conley was assigned to conduct petitioner's hearing, which she scheduled with petitioner's counsel. Petitioner's counsel sent SO Conley Form 433-B, Collection Information Statement for Businesses. The Form 433-B indicates petitioner had monthly income of $25,216 and monthly expenses of $28,093. The Form 433-B also indicates that petitioner expected its income to decrease by 10% to 100% over the next three years.

SO Conley and petitioner's counsel had a telephone hearing during which petitioner's counsel proposed an installment agreement. The proposed installment agreement called for petitioner to make monthly payments of $1,000. Petitioner did not raise any other issues during the hearing, including the underlying tax liability or an offer-in-compromise as a collection alternative.

SO Conley evaluated petitioner's proposed installment agreement. She determined that the financial information petitioner submitted did not demonstrate that it could pay ongoing monthly expenses, pay current tax obligations and make additional monthly payments of $1,000 under the proposed installment agreement. Consequently, SO Conley sent petitioner the determination notice sustaining the proposed collection action. Petitioner timely filed a petition.

## Discussion

We are asked to decide whether SO Conley abused her discretion in determining the proposed levy action was appropriate to collect petitioner's unpaid employment tax liabilities for the periods at issue. We begin with the general rules that apply to collection actions.

The Commissioner may collect a tax by levy upon the property of the taxpayer liable if the taxpayer neglects or refuses to pay the tax liability within 10 days after notice and demand for payment. Sec. 6331(a). The Commissioner

generally must provide the taxpayer written notice of the right to a hearing before the levy is made. Sec. 6330(a). The taxpayer is entitled, upon request, to a hearing before the Appeals Office. Sec. 6330(b)(1). The taxpayer may raise at that hearing any relevant issues relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2). Relevant issues include any appropriate spousal defenses, challenges to the appropriateness of collection actions and possible alternative means of collection such as an installment agreement or an offer-in-compromise. Sec. 6330(c)(2)(A). Taxpayers are expected to provide all relevant information requested by the settlement officer for consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e) (1), Proced. & Admin. Regs.

After the hearing, the Appeals officer is required to make a determination that addresses issues the taxpayer raised, verify that all requirements of applicable law and administrative procedure have been met and balance the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

We now turn to the standard of review. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will

review the Commissioner's determination for abuse of discretion.[2] Goza v. Commissioner, 114 T.C. 176, 182 (2000). We must consider whether the Commissioner's actions were arbitrary, capricious or without sound basis in fact or law in reviewing an administrative determination for abuse of discretion. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The taxpayer bears the burden of proving abuse of discretion. Rule 142(a); Titsworth v. Commissioner, T.C. Memo. 2012-12.

Petitioner asserts that SO Conley abused her discretition in rejecting the proposed installment agreement as a collection alternative. We disagree. The Secretary has discretionary authority to enter into installment agreements to satisfy tax liabilities when it is determined that doing so will facilitate full or partial collection. Sec. 6159(a). This Court has generally held that it is not an abuse of discretion when an Appeals Office employee relies on guidelines published in the Internal Revenue Manual (IRM) to evaluate a proposed installment agreement. See, e.g., Orum v. Commissioner, 123 T.C. 1, 13 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Aldridge v. Commissioner, T.C. Memo. 2009-276; Etkin v. Commissioner, T.C. Memo. 2005-245. The IRM guidelines state that the procedures for processing

_____

[2]Petitioner did not contest the existence or amount of his underlying tax liabilities at the hearing, so we need not consider that issue. See Giamelli v. Commissioner, 129 T.C. 107 (2007).

an installment agreement for a business are applicable only if taxpayers can pay operating expenses as well as current and delinquent taxes. See IRM pt. 5.14.7.1 (Sept. 26, 2008).

Here, SO Conley relied on the IRM guideline that a taxpayer must be able to pay its operating expenses as well as current and delinquent taxes to qualify for an installment agreement in evaluating petitioner's proposed installment agreement. She determined, relying on petitioner's Form 433-B, that its monthly expenses exceeded its monthly income and thus that it could not pay current operating expenses and current taxes and make payments on delinquent taxes. Consequently, she rejected petitioner's proposed installment agreement.[3]

Petitioner contends SO Conley disregarded information showing that it could make the relevant payments under the proposed installment agreement. In particular, petitioner claims SO Conley disregarded its assertion at the hearing that changes in the economy had resulted in a temporary downturn in its revenues and that going forward it could make the monthly payments under the proposed

_____

[3]We note that other than the proposed installment agreement, petitioner did not raise any other collection alternatives at the hearing. In particular, petitioner never requested that SO Conley suspend collection activity against it or indicated that it could not pay the employment tax liabilities for the periods at issue. Indeed, petitioner indicated that it was willing to pay $1,000 per month towards the employment tax liabilities for the periods at issue. In addition, petitioner did not propose an offer-in-compromise.

installment agreement. The record does not reflect that petitioner ever made any such assertion at the hearing or before the determination notice was issued. Nor does the record reflect that petitioner provided any documentation supporting the claimed assertion at the hearing. Moreover, the purported assertion directly conflicts with information petitioner provided on Form 433-B that it expected its income to decrease by 10% to 100% over the next three years. Finally, petitioner's claimed assertion is wholly insufficient to establish that it would be able to pay its operating expenses along with its current and delinquent taxes. We have held that when our review is limited to abuse of discretion, we will not recalculate a taxpayer's ability to pay and substitute our judgment for that of the settlement officer. Aldridge v. Commissioner, T.C. Memo. 2009-276; see also Speltz v. Commissioner, 124 T.C. 165, 179-180 (2005), aff'd, 454 F.3d 782 (8th Cir. 2006); Bergevin v. Commissioner, T.C. Memo. 2008-6. We find that SO Conley's determination to reject petitioner's proposed installment agreement was not arbitrary, capricious or without sound basis in fact or law. It was therefore not an abuse of discretion.

Petitioner has not otherwise presented any evidence or persuasive arguments to convince us that SO Conley abused her discretion. We therefore conclude that SO Conley did not abuse her discretion in sustaining the proposed

levy action to collect the outstanding employment tax liabilities for the tax periods at issue.

We have considered all arguments made in reaching our decision and, to the extent not mentioned, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.