T.C. Memo. 2009-14

UNITED STATES TAX COURT

THOMAS WANE MARETT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4048-06L.                     Filed January 22, 2009.

Thomas Wane Marett, pro se.

J. Craig Young, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  This matter is before the Court on
respondent's motion for summary judgment pursuant to Rule 121,
filed February 27, 2008, and respondent's motion for penalty
pursuant to section 6673, also filed February 27, 2008.[1]  The

_____

    [1]Unless otherwise indicated, all Rule references are to the
                                              (continued...)

issues we must decide are: (1) Whether respondent's Appeals Office abused its discretion in determining to proceed with the collection of petitioner's tax liability for taxable year 2000, and (2) whether the Court should impose a penalty under section 6673. For the reasons stated below, we shall grant respondent's motions.

## Background

At the time of filing the petition, petitioner resided in South Carolina. On May 17, 2004, respondent mailed a notice of deficiency to petitioner for the taxable year 2000. In the notice of deficiency, respondent determined a deficiency in income tax attributable to petitioner's failure to report nonemployee compensation, an IRA distribution, and interest income. Respondent also determined that petitioner was liable for additions to tax under section 6651(a)(1) (failure to file a return) and section 6654(a) (failure to pay estimated tax). On October 12, 2004, petitioner filed a petition for redetermination with the Court. On January 7, 2005, the Court entered an Order of Dismissal for Lack of Jurisdiction on the ground that the petition was not timely filed.[2]

---

[1](...continued)
Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

[2]Petitioner's motion to vacate was subsequently denied by this Court, and petitioner's appeal to the Court of Appeals for
(continued...)

On May 23, 2005, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing Under Section 6330 regarding his unpaid tax for 2000. On or about June 14, 2005, petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner's request stated: "I request collection alternatives including OIC and payment schedule. Collection actions are inappropriate. Procedural defects by the IRS exist."

By letter dated September 12, 2005, respondent's Appeals Office in Charlotte, North Carolina, informed petitioner that his case was assigned to that office for consideration and that the review would proceed by telephone, mail, and/or personal interview. By letter dated September 15, 2005, petitioner informed the Appeals Office that "we request a personal interview/hearing, and do not wish to conduct this interview/hearing via telephone." By letter dated October 24, 2005, Appeals Officer K. Keeley (Appeals Officer Keeley) informed petitioner that she had received his request for a hearing, that "items that you mentioned in your previous correspondences are items that * * * are frivolous or groundless, or * * * are moral, religious, political, constitutional, conscientious, or similar grounds". Appeals Officer Keeley advised petitioner that he was

---

[2](...continued)
the Fourth Circuit was ultimately dismissed for failure to prosecute.

not entitled to a face-to-face hearing on the basis of the items set forth in his request for a section 6330 hearing. Appeals Officer Keeley further informed petitioner that she was scheduling a conference for him on November 21, 2005, and that petitioner should submit a collection information statement and demonstrate that he was current in all Federal tax return filings and deposit requirements before the hearing.[3]

By letter dated November 2, 2005, petitioner again asserted that he wanted to discuss collection alternatives and that he wanted to bring all required documents to a face-to-face hearing. The parties subsequently exchanged additional correspondence debating whether petitioner was entitled to a face-to-face hearing.

On January 27, 2006, respondent sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 determining that it was appropriate to proceed with the proposed levy. On February 24, 2006, petitioner filed a petition for lien or levy action with the Court. Petitioner

---

[3]Appeals Officer Keeley repeatedly advised petitioner that the Internal Revenue Manual (IRM) requires that he be in compliance with current filing and paying obligations in order to be eligible for any collection alternatives. See, e.g., McCorkle v. Commissioner, T.C. Memo. 2003-34 (the Commissioner properly rejected a proposed installment agreement because, as of the date of the notice of determination, the taxpayer had not filed a 2001 return and had not fully paid her 2001 income taxes). IRM pt. 5.8.3.4.1 (Sept. 1, 2005) (offer-in-compromise); IRM pt. 5.14.1.5.1 (July 12, 2005) (installment agreement).

stated that he was denied a proper administrative hearing under section 6330.  On May 10, 2006, respondent filed a motion for summary judgment (the first motion for summary judgment) and a separate motion for penalty pursuant to section 6673.

In denying respondent's first motion for summary judgment, we concluded that "Appeals Officer Keeley acted prematurely in labeling as frivolous and groundless the issues raised in petitioner's hearing request", given that a failure to pay penalty of $805.77, assessed October 4, 2004, was not included in the notice of deficiency dated May 17, 2004.[4]  We remanded the instant case for further administrative proceedings before a new Appeals officer who had no prior involvement with the matter and ordered that petitioner be afforded a face-to-face hearing pursuant to section 6330.  Additionally, we ordered the new Appeals officer to verify that respondent properly assessed an addition to tax for failure to pay under section 6651(a)(2) for 2000.  Petitioner was also warned of the potential for penalties:

> In remanding this case, we add a strong word
> of caution to petitioner who has been less
> than revealing in his dealings with the Appeals
> Office and the Court.  We remind petitioner
> that he must be current in his Federal tax
> obligations, see, e.g., sec. 6012(a), in order
> to make an offer-in-compromise or to qualify
> for an installment agreement.  In addition,
> petitioner should be prepared to submit to the
> Appeals Office complete and accurate financial
> information in support of a collection

---

[4]Respondent conceded this point at the hearing on that summary judgment motion.

> alternative. Should the Court subsequently
> determine that petitioner used these proceedings
> primarily for purposes of delay and/or to advance
> frivolous and groundless arguments, the Court
> will strongly consider imposing a penalty on
> petitioner pursuant to section 6673(a). See
> Pierson v. Commissioner, 115 T.C. 576 (2000).

Upon remand, the case was assigned to Appeals Settlement Officer Pat McCall (Settlement Officer McCall), an impartial officer with no previous involvement with the unpaid taxes. On September 6, 2006, Settlement Officer McCall held a face-to-face hearing with petitioner. Petitioner appeared for the conference with Robert Clarkson (Mr. Clarkson), his alleged "representative", and three other individuals (two alleged expert witnesses who were "to testify and prove * * * [petitioner's] case" and an "assistant"). Mr. Clarkson insisted that all four individuals be allowed in the hearing with petitioner but was repeatedly advised that petitioner could bring only two individuals into the conference.[5] Ultimately, petitioner selected Mr. Clarkson and a second unnamed individual who

---

[5]Mr. Clarkson was also advised on several occasions that he was not permitted to represent petitioner, but he continued to speak, offering only frivolous taxpayer arguments. We note that Settlement Officer McCall did not abuse her discretion in refusing to allow Mr. Clarkson to represent petitioner, as Mr. Clarkson offered no proof that he was an attorney in good standing, a certified public accountant, or an enrolled agent in good standing. See Young v. Commissioner, T.C. Memo. 2003-6 (third party was not entitled to represent taxpayer in a sec. 6330 hearing because of noncompliance with Circular No. 230).

Mr. Clarkson was removed from the courtroom during the Mar. 17, 2008, trial session of the Court in Columbia, South Carolina, pursuant to an order of the Court.

operated a tape recorder to accompany petitioner into the hearing room.

During the face-to-face hearing, Settlement Officer McCall informed petitioner as follows:

> [A] procedural error was identified regarding the Statutory Notice of Deficiency issued for the 2000 1040:  the Failure to Pay penalty in the amount of $805.77, assessed on October 4, 2004, was not properly listed in the Statutory Notice of Deficiency dated May 17, 2004, and would be abated.  No other procedural defects were found.

During the hearing, Settlement Officer McCall provided petitioner with the opportunity to produce evidence that he was current with tax filings and to produce financial information in support of any collection alternative that he wished to raise. Although petitioner claimed to have relevant financial information in his possession, petitioner refused to produce such information without the assistance of his alleged expert witnesses.  Petitioner was then advised that a supplemental determination letter would be issued, and the conference was adjourned.

The supplemental notice dated September 15, 2006, stated as follows:

> Appeals determined to abate the failure to pay penalty in the amount of $805.77, due to a procedural error that omitted the penalty on the Statutory Notice of Deficiency.  The [petitioner] did not file tax returns for 1999, 2003, 2004, and 2005, and, therefore, is not current with required tax filings and does not qualify for a

collection alternative. He also failed to submit
any financial information to the Service. The
proposed levy is sustained.

On February 27, 2008, respondent filed the motion for
summary judgment and the motion for penalties pursuant to section
6673.

## Discussion

Petitioner contends that respondent's Appeals Office abused
its discretion in determining to proceed with the collection of
petitioner's income tax liabilities for taxable year 2000.
Specifically, petitioner argues that respondent's motion for
summary judgment should be denied because respondent would not
allow petitioner's expert witnesses to testify at the section
6330 hearing before Settlement Officer McCall.

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials. Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be
granted where there is no genuine issue of material fact and a
decision may be rendered as a matter of law. Rule 121(b). The
moving party bears the burden of proving that there is no genuine
issue of material fact, and factual inferences are viewed in a
light most favorable to the nonmoving party. Craig v.
Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v.
Commissioner, 85 T.C. 812, 821 (1985). The party opposing
summary judgment must set forth specific facts that show that a

genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office. The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person requesting a hearing may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however, only if he or she did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Respondent argues, and the Court agrees, that section 6330(c)(2)(B) precludes petitioner from challenging the underlying tax liabilities for taxable year 2000 because

petitioner received a notice of deficiency for that year and failed to timely petition this Court. Accordingly, the validity of the underlying tax is not properly in issue, and the Court will review respondent's administrative determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As to petitioner's claim that he is entitled to call witnesses at a face-to-face hearing, this Court has noted on a number of occasions that hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). There inheres no right to subpoena witnesses and documents in connection with section 6330 hearings. Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42; see sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Petitioner did not avail himself of the opportunity afforded to him at the hearing to produce evidence that he was current with tax filings, and he failed to produce any financial information for consideration. Accordingly, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment. Consequently, we conclude that respondent's Appeals Office did not abuse its

discretion in determining that respondent may proceed with the collection of petitioner's tax liabilities.

Respondent requests that the Court require petitioner to pay a penalty pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, or that the taxpayer's position in such a proceeding is frivolous or groundless. See sec. 6673(a)(1)(A) and (B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.[6]

We believe petitioner advances frivolous and/or groundless contentions, arguments, and requests primarily for delay and in direct contravention of the above-quoted warnings given to him by the Court, thereby causing the Court to waste its limited

---

[6]Respondent advised petitioner by letter dated Dec. 3, 2007, that respondent intended to file a motion for penalty pursuant to sec. 6673, and quoted therein our July 7, 2006, order cautioning petitioner as to the possible imposition of a sec. 6673 penalty.

resources.   Consequently, we shall impose a penalty of $5,000 on petitioner pursuant to section 6673(a)(1).

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein and find them unnecessary to reach, without merit, or irrelevant.

On the basis of the record before us, we shall grant each of respondent's motions.

To reflect the foregoing,

An appropriate order and decision will be entered.