T.C. Memo. 2009-186

UNITED STATES TAX COURT

WILLIAM H. STOCKTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18575-07L.          Filed August 19, 2009.

William H. Stockton, pro se.

<u>Olivia J. Hyatt</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  The dispute between the parties concerns
respondent's enforced collection actions taken (the filing of a
lien) and proposed to be taken (intent to levy) against
petitioner to collect unpaid Federal income tax liabilities,
additions to tax, and associated interest for 1998, 1999, 2000,
2001, 2002, and 2003, as well as section 6702 frivolous return

penalties imposed for 1998, 2001, and 2002. The issue is whether to sustain respondent's determination to proceed with those proposed collection activities.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in North Carolina.

The tax liabilities involved herein are the result of tax deficiencies, additions to tax, and associated interest for tax years 1998-2003, inclusive, and frivolous return penalties for years 1998, 2001, and 2002 that respondent determined with respect to returns petitioner prepared or with respect to substitute returns respondent prepared on behalf of petitioner pursuant to section 6020(b). The record does not enable us to state with certainty the years for which respondent prepared substitute returns.

Notices of deficiency with respect to his income tax were timely mailed to petitioner as follows: On March 20, 2001, for years 1998 and 1999; on February 3, 2003, for year 2000; on February 27, 2004, for years 2001 and 2002; and on May 10, 2005, for year 2003.

Petitioner admitted that he received each of the aforementioned notices of deficiency.

Petitioner did not judicially contest respondent's determinations as set forth in the several notices of deficiency. Consequently, respondent assessed deficiencies in income tax, additions to tax under sections 6651(a)(1) and (2) and 6654, and associated interest for each of the years at issue. Respondent also assessed frivolous return penalties pursuant to section 6702 for 1998, 2001, and 2002. Thereafter, respondent sent petitioner a notice and demand for payment of the deficiencies, additions to tax, penalties, and associated interest.

On May 5, 2006, respondent sent petitioner written notice that he intended to levy on petitioner's assets to collect petitioner's unpaid income tax liabilities, additions to tax, and associated interest for 2000-03. On May 16, 2006, respondent sent petitioner written notice of the filing of a Federal tax lien with respect to petitioner's unpaid income tax liabilities, additions to tax, and associated interest for 1998-2003 and the section 6702 frivolous return penalties for 1998, 2001, and 2002.

On June 6, 2006, respondent received from petitioner a request for a collection hearing (section 6330 hearing) with respect to both the notice of intent to levy and the notice of Federal tax lien filing. On June 15, 2006, respondent received another request from petitioner for a section 6330 hearing with

respect to both notices.  In his hearing request petitioner
wrote:

> I request collection alternatives, including OIC and payment
> schedule.  Collection actions are inappropriate.  Procedural
> defects by Internal Revenue Service exist.  I want to see
> copies of the 90-day letter, Notice and Demand Letter (Form
> 17-A), also Summary Record of Assessment (Form 23-C) or
> replacement form, RACS Report and my form 4340 "Certificate
> of Assessment and Payments" and proof that they were sent.
> I contest the existence or the amount of the tax, because I
> did not receive a Notice of Deficiency.  I also request
> proof of verification from the Secretary that all applicable
> law and administrative procedures have been met pursuant to
> IRC 6330.  I am also notifying the Service of my intention
> to make an audio recording of the hearing pursuant to IRC
> 7521.

The matter was assigned to Settlement Officer Rosemary
Coleman.  On June 13, 2007, Settlement Officer Coleman sent
petitioner a letter acknowledging receipt of his requests for a
section 6330 hearing.  The letter informed petitioner that his
request for a hearing regarding the filing of the lien was timely
and that the legal collection period with respect to the lien
filing would be suspended.  The letter went on to state that
petitioner's challenge to the proposed levy was not timely in
that it was not received or postmarked within 30 days of the
notice of intent to levy.  Therefore, Settlement Officer Coleman
stated that petitioner could not have a section 6330 hearing with
respect to the proposed levy.  Instead, Settlement Officer
Coleman offered petitioner an "equivalent hearing".  Petitioner
was informed that the legal collection period would not be
suspended, and levy action would not be prohibited.

Settlement Officer Coleman further informed petitioner that he could not challenge his tax liabilities because he had received notices of deficiency for all periods involved but had not petitioned the Tax Court with respect thereto. Moreover, petitioner was advised that the issues he raised "are those that Courts have determined are frivolous or Appeals does not consider." The letter advised petitioner that because the only issues he raised were frivolous, he was not entitled to a face-to-face hearing. Instead, petitioner was offered a telephone hearing to be held on July 11, 2007, at 10 a.m. Petitioner was informed that he would be allowed a face-to-face conference with respect to any nonfrivolous issue, provided respondent was advised of the nonfrivolous issue in writing or by telephone call to Settlement Officer Coleman within 14 days from the date of the letter. Petitioner was further informed that if he wished to discuss alternatives to the lien and intended levy, he first had to (1) complete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (2) file as yet unfiled Federal income tax returns for years 2004-06.

On June 28, 2007, petitioner responded to Settlement Officer Coleman's letter. Petitioner did not identify any relevant, nonfrivolous issues he wished to discuss at the collection hearing, such as collection alternatives. Petitioner denied that his request for a hearing with respect to the levy was untimely.

Additionally, petitioner stated that he had a right to a face-to-face hearing with witnesses and that he intended to record the hearing.  In response, on July 3, 2007, Settlement Officer Coleman sent petitioner a letter reiterating her position that petitioner did not qualify for a face-to-face hearing and informed petitioner that his conference call remained scheduled for July 11, 2007, at 10 a.m.

Petitioner did not contact Settlement Officer Coleman at the designated time for his telephone conference.  Consequently, respondent's Appeals Office mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), on July 20, 2007.  The notice of determination conceded that petitioner had timely filed his request for a section 6330 hearing for both the lien and the levy, and it addressed both issues.[1]

The notice of determination sustained the lien and the proposed levy actions.  An attachment to the notice, by Settlement Officer Coleman, noted that she had reviewed the administrative file and verified that the requirements of all applicable law and administrative procedure had been met and that

---

[1]The notice stated that the levy hearing request was originally treated as untimely, but upon review it was discovered that the due date was on a Sunday and that the request was received the following Monday.  Therefore, the request was treated as timely.

the lien and levy actions appropriately balanced the need for efficient collection of taxes with the taxpayer's concerns that the levy be no more intrusive than necessary.  The attachment stated that petitioner had not raised any collection alternatives and that he had not complied with his filing obligations.

Thereafter, petitioner timely filed a petition for review with this Court.  In his petition, petitioner asserted the following assignments of error:

> 1. Petitioner requested a face-to-face hearing and respondent denied petitioner's lawful request;
> 2. Congress set forth three preconditions for a section 6330 hearing:  (1) Petitioner must make a request, (2) within 30 days, and (3) must state the purpose of the hearing which includes collection alternatives, procedure irregularities, spousal relief and tax liabilities in some cases.  Petitioner has met all three preconditions;
> 3. respondent's "interesting" requirements to send in documents in advance of the hearing are "impossible since Petitioner does not know what the IRS wants until she [sic] meets with the IRS.  Petitioner is not required to do these, and did not";
> 4. respondent illegally denied a face-to-face meeting, violating petitioner's statutory and administrative rights;
> 5. the Appeals settlement officer was not a person authorized to hold a section 6330 hearing.

At trial petitioner continued to maintain that he was entitled to a face-to-face hearing and that a telephone hearing was insufficient.  When asked why he never responded to respondent's letter stating he might qualify for a face-to-face hearing if he submitted, in writing, a list of nonfrivolous issues, Form 433-A, and his unfiled tax returns, petitioner

stated:  "I don't feel like I need to provide those documents or
provide those things until I go to the hearing."  Continuing,
petitioner stated:

> I don't feel like I need to respond to that because,
> first of all, I'm not told to listen what an IRS employee
> tells me to do.  I don't know that she has the authority to
> do that, to make these rules up.  You know, I basically feel
> like she needed to state a statute and say here's what the
> law says you need to do--I don't know.

## Discussion

### A.  Standard of Review

This case involves review of respondent's determination to
proceed with collection by way of lien and levy with respect to
petitioner's unpaid income tax liabilities, additions to tax, and
associated interest for 1998-2003 as well as collection of
petitioner's section 6702 frivolous return penalties for 1998,
2001, and 2002.

Collection hearings concerning liens, as well as those
concerning levies, are conducted in accordance with section
6330(c).  See sec. 6320(c).  After the Commissioner issues a
notice of determination following an administrative hearing, the
taxpayer has the right to petition this Court for judicial review
of the Commissioner's determination.  Sec. 6330(d)(1).  Our
review of the Commissioner's determination is subject to the
provisions of section 6330.

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability if he received a notice of deficiency for the tax year(s) in question or otherwise had an opportunity to dispute the underlying tax liability. Sec. 6330(c)(2)(B). In such a case, we review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176 (2000). An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in fact or law. Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). If the taxpayer did not receive a notice of deficiency or did not have an opportunity to dispute the underlying tax liability, we review the liability de novo where it is properly placed in issue. Davis v. Commissioner, 115 T.C. 35, 39 (2000).

B. Petitioner's Income Tax Liability, Additions to Tax, and Statutory Interest for Tax Years 1998-2003

Petitioner received notices of deficiency for 1998, 1999, 2000, 2001, 2002, and 2003 with respect to his unpaid income tax liabilities, additions to tax, and accrued interest. He did not petition this Court for redetermination of respondent's determinations; consequently, respondent assessed the tax due. Petitioner is thus precluded from raising his income tax liabilities in this proceeding, and in that regard we review for

abuse of discretion respondent's determination with respect to both the notice of Federal tax lien and the notice of intent to levy.

Petitioner maintains that respondent erred (i.e., abused his discretion) in denying him the requested face-to-face section 6330 hearing. Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Section 6330 hearings have historically been informal. Davis v. Commissioner, supra at 41. We have held that it is not an abuse of discretion if an Appeals settlement officer denies a taxpayer's request for a face-to-face section 6330 hearing after determining that the hearing would not be productive because of the taxpayer's frivolous or groundless arguments. See Huntress v. Commissioner, T.C. Memo. 2009-161; Summers v. Commissioner, T.C. Memo. 2006-219; Ho v. Commissioner, T.C. Memo. 2006-41. Moreover, we have held it is not an abuse of discretion to proceed with collection where the taxpayer has not filed all required tax returns for prior years. See Summers v. Commissioner, supra; Collier v. Commissioner, T.C. Memo. 2004-171.

The record demonstrates that a face-to-face conference would not have been productive. Petitioner's meeting request contained

a blanket request for a collection alternative and a request to see copies of various procedural documents.  Petitioner did not propose any specific collection alternative, explain why he qualified for a collection alternative, or file required Federal income tax returns for 2004-06.

Respondent granted petitioner several opportunities to have a telephone collection hearing.  Moreover, petitioner was informed that he could qualify for a face-to-face hearing provided he first identified those relevant nonfrivolous issue(s) he intended to discuss.  Despite these opportunities, petitioner failed to respond and waived his right to a face-to-face hearing.  Under these circumstances, it was not an abuse of discretion for Settlement Officer Coleman to conclude that a face-to-face hearing would not be productive.  See Clark v. Commissioner, T.C. Memo. 2008-155; Summers v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183 (2001).

Petitioner refers to three cases in his petition to support his claim that "the law requires an in-person hearing."  None of the cases does so.

In the first of these cases, Marett v. Commissioner, T.C. Memo. 2009-14, it was noted that this Court had previously remanded the case to the Commissioner's Appeals Office for a supplemental hearing because the Commissioner had failed to address the fact that a failure to pay penalty assessed against

the taxpayer had not been included in the notice of deficiency. Petitioner's position is distinguishable from the taxpayer's position in <u>Marett</u>. Unlike the taxpayer in <u>Marett</u>, petitioner never stated a specific issue to discuss with respondent.

Petitioner next refers to the case of <u>Shell v. Commissioner</u>, docket No. 20188-05L. We note that petitioner does not appear to be citing an opinion (none was issued), but rather to an order denying the Commissioner's motion for summary judgment. And pursuant to Rule 50(g), Court orders are not treated as precedent, except as may be relevant for purposes of establishing the law of the case, res judicata, collateral estoppel, or other similar doctrine, none of which applies in this matter.[2]

Finally, petitioner cites <u>Nelson v. Commissioner</u>, T.C. Memo. 2009-108. In <u>Nelson</u>, at a hearing before the Court, the Commissioner moved to have the matter remanded to the Commissioner's Appeals Office for a face-to-face meeting because the taxpayer's representative had been in an accident that rendered him a quadriplegic and the accident prevented the taxpayer from providing the materials that would have entitled him to a face-to-face meeting. The circumstances in <u>Nelson</u> are clearly distinguishable from petitioner's position.

---

[2]Similarly, Rule 152(c) provides that opinions stated orally in accordance with Rule 152(a) shall not be relied upon as precedent, except as may be relevant for purposes of establishing the law of the case, res judicata, collateral estoppel, or other similar doctrine.

C.  Petitioner's Section 6702 Frivolous Return Penalty for Tax Years 1998, 2001, and 2002

Petitioner was assessed frivolous return penalties pursuant to section 6702 for 1998, 2001, and 2002.  In other cases we have held that we have jurisdiction to review a notice of determination issued to a taxpayer under section 6330 with respect to the section 6702 frivolous return penalty, effective for determinations made after October 16, 2006.  See Callahan v. Commissioner, 130 T.C. 44 (2008); Rice v. Commissioner, T.C. Memo. 2009-169.

Because no notice of deficiency was issued with respect to the section 6702 frivolous return penalty, petitioner was entitled to raise the issue at his section 6330 hearing. However, petitioner failed to raise this issue on Form 12153, Request for a Collection Due Process Hearing, and he did not raise it in his June 28, 2007, letter, to Settlement Officer Coleman.  By not raising or bringing this issue to the attention of Settlement Officer Coleman, petitioner is precluded from raising this issue before us.[3]  See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007); Magana v. Commissioner, 118 T.C. 488, 493

---

[3]Petitioner's first and only mention of the sec. 6702 frivolous return penalty was in a document submitted at trial titled "Supplement to Petition for Lien or Levy Action (Collection Action) Supplement to Petition for Re-Determination of Notice of Determination on CDPH."  We took this document into the record only as a statement of petitioner's position (petitioner's position statement).

(2002); <u>Davis & Associates LLC v. Commissioner</u>, T.C. Memo. 2008-292; secs. 301.6320-1(f)(2), Q&A-F5, 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Moreover, petitioner failed to inform Settlement Officer Coleman of any ground on which the section 6702 frivolous return penalties should be set aside were the penalties susceptible to challenge on the merits. The only mention of the section 6702 frivolous return penalties is in petitioner's position statement submitted at trial, which simply states that he "requests a hearing on the 6702 penalty. Necessary forms and instructions are requested."

D. <u>Other Matters Considered at the Section 6330 Hearing</u>

Section 6330(c)(3) provides that the settlement officer must verify that the requirements of applicable law and administrative procedure have been met and consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. The notice of determination states that Settlement Officer Coleman verified that the requirements of all applicable law and administrative procedure were met and determined that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioner's concerns that the levy be no more intrusive

than necessary.  Consequently, we are satisfied that the mandate of section 6330(c)(3) has been met.

We have considered all of petitioner's arguments, and to the extent not discussed herein, conclude they are irrelevant, and/or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.