T.C. Memo. 2018-71

UNITED STATES TAX COURT

SANFORD SOLNY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10647-17L.                    Filed May 22, 2018.

<u>Joseph Y. Balisok</u>, for petitioner.

<u>Peggy Gartenbaum</u> and <u>Theresa G. McQueeney</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c)[1] and 6330(d) of the determination by the

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*2]** Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of Federal tax lien (NFTL).  The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2000, 2003, 2005, and 2006.  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the attached declarations and exhibits.  See Rule 121(b).  Petitioner resided in New York when he filed his petition.

During the years in question petitioner received wages for his work as an attorney at a New York law firm.  The IRS determined that he had underreported this income and issued him a notice of deficiency, from which he timely petitioned this Court.[2]  After the parties had executed a stipulation of settled issues resolving all issues in the case, we entered a decision determining that petitioner for 2000, 2003, 2005, and 2006 had income tax deficiencies of $50,453, $74,747, $52,743,

_____

[2]The IRS in that notice of deficiency also determined deficiencies for petitioner's 2002 and 2004 tax years.  Those liabilities are not the subject of any collection action in this case.

**[*3]** and $15,491, respectively. <u>Solny v. Commissioner</u>, T.C. Dkt. No. 28479-12 (Feb. 9, 2012).

On August 16, 2016, the IRS filed an NFTL, which reflected petitioner's then-outstanding tax liabilities of $194,142, and informed him that he had until September 22, 2016, to request a CDP hearing. Petitioner requested a hearing several weeks later. In his hearing request he stated that he could not pay the balance due; that the NFTL should be withdrawn; and that he desired a collection alternative, i.e., an offer-in-compromise (OIC) or an installment agreement (IA). The IRS received petitioner's hearing request on September 20, 2016, and assigned it to a settlement officer (SO).

Upon receiving the case the SO concluded that petitioner's hearing request was untimely and therefore offered him an "equivalent hearing." <u>See</u> sec. 301.6320-1(i)(1), Proced. & Admin. Regs. The SO reviewed the administrative file and confirmed that petitioner's tax liabilities for the years in question had been properly assessed and that the IRS had met all other requirements of applicable law or administrative procedure. The SO discovered that petitioner was not in compliance with his tax filing obligations for 2007-2012 and 2015. Consequently, the SO determined that petitioner would be ineligible for a collection alternative unless he filed the delinquent returns.

**[*4]** On February 21, 2017, the SO sent petitioner and his counsel a letter scheduling a telephone hearing for March 15, 2017. This letter stated that the SO could not consider collection alternatives unless petitioner submitted, by March 8, 2017, a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, supporting financial information, and a form relating to petitioner's request to withdraw the NFTL.

Neither petitioner nor his counsel called in for the March 15, 2017, hearing. Later that day the SO sent to both of them a "last chance" letter. This letter explained that the hearing would not be rescheduled but that the SO would still consider collection alternatives if he received, by March 29, 2017, the previously requested forms and financial information. Petitioner does not dispute that he and his counsel received this letter.

Neither petitioner nor his counsel submitted any of the requested financial information. On March 29, 2017, petitioner called the SO and attempted to add his attorney to the call so that the attorney could update the SO on the status of petitioner's delinquent tax returns. Petitioner's attorney was busy with another call and could not be conferenced in. Neither petitioner nor his attorney attempted to contact the SO later that day.

**[\*5]**   Having received no further communication from petitioner or his counsel, the SO closed the case on March 30, 2017.  On April 11, 2017, the IRS issued petitioner a "decision letter" in which it sustained the NFTL filing.[3]  Petitioner petitioned this Court 30 days after the decision letter.  On July 7, 2017, respondent filed his answer, in which he conceded that petitioner's CDP hearing request was timely.[4]  Respondent accordingly agreed that the decision letter should be treated as a notice of determination for purposes of section 6330(d) and that the petition was timely.  On January 19, 2018, respondent filed a motion for summary judgment, to which petitioner timely responded.

## Discussion

### A.   Jurisdiction

The Tax Court is a court of limited jurisdiction, and we must ascertain whether the case before us is one that Congress has authorized us to consider.  Sec. 7442.  Where the IRS Appeals Office issues a notice of determination to the tax-

---

[3]The IRS will ordinarily issue a decision letter after completing an equivalent hearing.  See Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); sec. 301.6330-1(i)(1), Proced. & Admin. Regs.

[4]Respondent determined that the IRS date stamp on the Form 12153, Request for a Collection Due Process or Equivalent Hearing, adequately showed that petitioner had mailed his hearing request on or before the September 22, 2016, deadline.

**[\*6]** payer after a CDP hearing, the taxpayer has 30 days following the issuance of that letter to petition this Court for review. Secs. 6320(c), 6330(d)(1). This Court's jurisdiction depends upon the issuance of a valid determination letter and the filing of a timely petition for review. Orum v. Commissioner, 123 T.C. 1, 8 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005).

Respondent properly recognizes that we have jurisdiction to decide this case. Where the taxpayer has made a timely request for a CDP hearing and is inadvertently issued a decision letter (instead of a notice of determination), that letter constitutes a "determination" for purposes of section 6330(d)(1). See Craig v. Commissioner, 119 T.C. 252, 259 (2002). Here, petitioner received a hearing in response to a timely CDP request. The decision letter issued to him following completion of that hearing thus provides a proper basis for invoking this Court's jurisdiction. See Wilson v. Commissioner, 131 T.C. 47, 51 (2008); Orum, 123 T.C. at 11-12; Craig, 119 T.C. at 259.

B.  Summary Judgment Standard and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter

**[\*7]** of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp.</u>, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); <u>see Sundstrand Corp.</u>, 98 T.C. at 520.

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Where (as here) the taxpayer's underlying liability is not before us,[5] we review the IRS decision for abuse of discretion only. <u>See id.</u> at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound

_____

[5]Petitioner cannot now challenge his underlying tax liability for 2000, 2003, 2005, or 2006 because he received a notice of deficiency for those years. <u>See</u> sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

**[*8]** basis in fact or law.  <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

C.      <u>Analysis</u>

In determining whether the SO abused his discretion we consider whether he:  (1) properly verified that the requirements of any applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  <u>See</u> sec. 6330(c)(3).

Our review of the record establishes that the SO reviewed petitioner's transcripts of account to verify that the liabilities in question had been properly assessed.  In his CDP hearing request, petitioner checked the box for NFTL withdrawal, but he failed to submit any documentation to show that he met any of the categories justifying NFTL withdrawal under section 6323(j).  Petitioner has alleged no error of fact or law by the SO on this point.

Petitioner first contends that the SO improperly denied him a face-to-face hearing at the closest IRS Appeals Office.  The regulations provide that a "CDP hearing may, but is not required to, consist of a face-to-face meeting."  Secs.

**[\*9]** 301.6320-1(d)(2), Q&A-D6, 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. We have repeatedly held that the IRS is not required to afford a taxpayer a face-to-face hearing and that a hearing conducted by telephone, correspondence, or document review will suffice.[6] See, e.g., Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188, 98 T.C.M. (CCH) 110, 112; Stockton v. Commissioner, T.C. Memo. 2009-186, 98 T.C.M. (CCH) 103, 106.

Petitioner next argues that his failure to participate in the hearing or provide the requested financial information was due to the SO's failure to communicate with petitioner's counsel. Specifically, he contends that his counsel did not receive a copy of the SO's first letter (sent February 21, 2017) and that the SO failed to respond to his counsel's phone calls and voicemail messages.

The SO sent two separate letters to petitioner and to his counsel regarding the hearing. Petitioner does not deny having received both letters. The letters to

---

[6]Although the SO offered petitioner an equivalent hearing, equivalent hearings--whether by telephone or face-to-face--are conducted in substantially the same manner as CDP hearings. See sec. 301.6320-1(i)(1), Proced. & Admin. Regs.; Internal Revenue Manual pt. 8.22.4.3(1) (Mar. 29, 2012) (instructing SOs to conduct equivalent hearings by "follow[ing] the same procedures and consider[ing] the same issues as a CDP hearing"). Petitioner does not contend that he suffered any prejudice because the SO reviewed his case in an "equivalent hearing" format.

**[*10]** petitioner's counsel were mailed to his current address of record with this Court. His counsel does not deny having received the March 15 "last chance" letter, which set March 29 as the final deadline to submit information.

Evidently in response to that letter, petitioner called the SO on March 29 and attempted unsuccessfully to add his attorney to the call. Petitioner and his counsel have only themselves to blame for the attorney's failure to join that call and for their mutual failure to communicate with the SO subsequently. Petitioner was clearly aware of his responsibility to provide financial information to the SO, but he repeatedly neglected to provide anything. Given this track record, the SO did not abuse his discretion in closing the case on March 30.

In his CDP hearing request petitioner sought a collection alternative in the form of an OIC or an IA. But he did not supply any of the required forms or necessary financial information. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where (as here) the taxpayer has failed, after being given repeated opportunities, to supply the necessary information. See Huntress v. Commissioner, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11; Prater v. Commissioner, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210; Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838. In any event, petitioner was not in

[*11] compliance with his tax filing obligations for several post-2006 tax years. The SO could properly have rejected any proposed collection alternative on this ground alone. See Cox v. Commissioner, 126 T.C. 237, 258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an OIC or IA, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.